IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            **Case No. 98-40044-01-RDR**

NORMAN WESLEY QUARLES,

        Defendant.

**O R D E R**

This matter is presently before the court upon motion of the defendant, proceeding pro se, for modification of an imposed term of imprisonment pursuant to the provisions of 18 U.S.C. § 3582. Having carefully reviewed the defendant's motion, the court is now prepared to rule.

The defendant was jointly indicted with Corey Williams on one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846, and four counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was also charged individually with four counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Prior to trial, Williams entered a guilty plea. The defendant was convicted by a jury on September 4, 1998 on all nine counts. He was sentenced to a mandatory minimum term of twenty years for the conspiracy charge and twenty years for the distribution charges, with the sentences to run concurrently. His

convictions and sentence were affirmed on appeal. United States v. Quarles, 198 F.3d 260, 1999 WL 999738 (10th Cir. 1999).

In the instant motion, defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Although he acknowledges that his sentence was based upon the mandatory minimum provisions of 21 U.S.C. § 841(b)(1)(A), he asserts that the sentence was based on the 100-to-1 disparity for crack and powder cocaine offenses. He then argues that the following events suggest that "the 100:1 ratio can no longer stand:" (1) the Sentencing Commission's retroactive application of new crack cocaine sentencing guidelines in the November 1, 2007 amendments to U.S.S.G. § 2D1.1; and (2) the United States Supreme Court's decision in Kimbrough v. United States, 552 U.S. ____, 128 S.Ct. 558 (2007).

The court has limited authority to correct or reduce a sentence. The statute relied upon by the defendant, 18 U.S.C. § 3582, specifically provides that a district court may not modify a term of imprisonment without specific authority. Section 3582(c)(2) provides in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . .(2) *in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)*, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable,

2

>     if such a reduction is consistent with applicable policy
>     statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)(emphasis added).

     Thus, in order to invoke the district court's authority to modify his sentence under § 3582(c)(2), the defendant must demonstrate that he was sentenced to a "sentencing range that has subsequently been lowered." The defendant is unable to do so. The defendant was sentenced pursuant to a statutorily required minimum, which was not affected by the change in the crack cocaine sentencing guidelines. Therefore, the court has no authority to reduce the defendant's sentence under § 3582(c). See United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996), cert. denied, 520 U.S. 1180 (1997).

     In addition, the Supreme Court's recent decision in Kimbrough fails to provide any such authority. In Kimbrough, the Court held that a district court can deviate from a properly calculated guideline sentencing range on the basis of crack/powder cocaine disparity. Kimbrough, 128 S.Ct. at 575.

     Once again, the defendant's sentence was determined by application of the mandatory minimums set forth in 21 U.S.C. § 841(b)(1), not by the application of the guidelines. Accordingly, the Supreme Court's decision in Kimbrough has no impact and provides no authority for a reduction of the defendant's sentence.

     In sum, the court lacks authority to reduce the defendant's sentence pursuant to 18 U.S.C. § 3582. The defendant's motion

shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582 (Doc. # 129) be hereby denied.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2008 at Topeka, Kansas.

                              s/Richard D. Rogers
                              United States District Judge